ISAAC WOODS v. STATE OF MISSISSIPPI.

[43 South., 433.]

1. CRIMINAL LAW AND PROCEDURE. *Homicide. Assault with intent to murder. Instructions. Deliberation. Use of weapon.*

In a prosecution for an assault with intent to murder, instructions authorizing a conviction as charged "even if the blow was struck with a single-barreled shotgun without malice" and announcing that "the law presumes malice from the unlawful and deliberate use of a deadly weapon," are erroneous as justifying an inference that the judge thought there was unlawful and deliberate use of the loaded gun as a deadly weapon, although it was not fired.

2. SAME. *Evidence. Character of injured party.*

The state cannot show the good character of the party assaulted in a prosecution for the assault where his character was not attacked.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge

Woods, the appellant, a negro, was indicted and tried for assault and battery with intent to kill and murder another negro, Dade Edwards; was convicted and sentenced to the penitentiary for one year, and appealed to the supreme court.

The indictment charged appellant with feloniously assaulting Edwards with a gun, striking and wounding him with it with intent to murder him. Pending a quarrel between the parties, Edwards was struck upon the head with a shotgun by appellant with such force as to knock him senseless and discharge and unbreech the gun. The testimony was conflicting as to which was the aggressor; according to some of it, the appellant was without excuse for the blow, but according to the testimony of himself and his wife, he acted in self-defense.

During the trial, before the state had closed its case, one Sample, a white man, was introduced as a witness by the state

and allowed to testify touching the good character of Edwards in the community, although no attack had been made upon it.

· The first instruction for the state, referred to in the opinion, was as follows:

"(1) The court charges the jury for the state that if they believe from the evidence beyond a reasonable doubt that defendant, Isaac Woods, struck the witness, Dade Edwards, over the head with a gun which was a deadly weapon, intending to kill said Dade Edwards, and not in necessary self-defense, at a time when defendant was in no immediate danger of loss of his life, or of great bodily harm, real or apparent, at the hands of Edwards, then the jury will find the defendant guilty as charged."

A second instruction for the state charged the jury that the law presumes malice from the unlawful and deliberate use of a deadly weapon.

*George H. Hill,* for appellant.

The court below erred in granting the first instruction asked by the state. This instruction in effect charged the jury to find the appellant guilty as charged if the jury should believe beyond a reasonable doubt that appellant intended merely to kill the assaulted party. There is a great difference between an intent to kill and an intent to murder. To constitute guilt on appellant's part his acts must have been characterized by an intent to murder. *Thames* v. *State,* 82 Miss., 667, 35 South., 171. The granting of this instruction was accordingly reversible error.

The testimony was to the effect that the witness, Edwards, went to appellant's house, and there cursed and abused appellant; that when appellant remonstrated, Edwards dismounted from his wagon, and after tying his horses, advanced on appellant with a large knife. It is clearly evident that the appel-

lant was acting in self-defense when he struck Edwards with the gun barrel.

Under the circumstances it was incumbent for the state to prove, not only that appellant struck with intent to kill Edwards, but with malice aforethought, and that the single-barrelled gun in appellant's hands was a deadly weapon; all of which the state failed to prove.

To sustain a conviction in a case of this kind, the circumstances must have been such that, if death had resulted, the homicide would have been murder. *Cunningham v. State.,* 87 Miss., 417; Clarke & Marshall on Crimes, 283.

*William Williams,* attorney-general, for appellee.

The first instruction for the state correctly announced the law. The facts in this case and the language of the first instruction are entirely different from those in the case of *Thames v. State,* 82 Miss., 667, 35 South., 171, as will readily be seen by a comparison of the instruction complained of and the instruction in the case cited. The phrase, "and not in necessary self-defense," is not used in the instruction condemned in the *Thames case, supra.*

CALHOON, J., delivered the opinion of the court.

On this indictment for and conviction of assault and battery with intent to kill and murder our minds do not repose securely in the belief that there was either a purpose to kill, or that there was malice in the assault, or that the blow was not in self-defense. From the lightness of the sentence we think the accomplished and able circuit judge was himself not thoroughly at ease on these questions on the evidence. In this sort of a case, we think it was improper to give the state's first instruction, that in effect authorizes conviction "as charged," even if the blow was struck with the single-barreled shotgun without malice; and in the very next charge is given the abstract legal proposition that "the law presumes malice from the

unlawful and deliberate use of a deadly weapon." The jury might infer from the two that the learned judge thought there was the unlawful and deliberate use of that gun as a deadly weapon, loaded though it was, and not used to shoot, as it might have been.

It is clear that the party struck went to appellant's house and began the trouble. He was the only witness of the fact for the state, and is contradicted by appellant and his wife, and she says without contradiction, that she took the hatchet to the house of the party assaulted, with which hatchet both say he was about to strike appellant when the latter struck. Both swear that Dade Edwards first started towards accused with a large knife, which he put in his pocket, and then took the hatchet. Certainly the knife was in the pocket of his "jumper" coat, and it is not easy to see how they could have known it, unless they had seen it. The testimony of the assaulted man has marks of improbability. In any event, the case required particularity in charges, so as not to mislead.

It was highly improper for the state to show the good character of Dade Edwards, the party assaulted, when no attack was made on it.

Each case must be governed by its own facts, and they gauge the propriety of decisions. This is reversed and remanded.

*Reversed and remanded.*